**FILED**

MAR -8 2012

SOUTH DAKOTA UNIFIED JUDICIAL SYSTEM
5TH CIRCUIT CLERK OF COURT

By_____

STATE OF SOUTH DAKOTA ) IN CIRCUIT COURT

COUNTY OF BROWN ) FIFTH JUDICIAL CIRCUIT

\* \* \* \* \* \* \* \* \* \* \* \* \*

Civ. 12- 217/2

SOUTH DAKOTA WHEAT GROWERS
ASSOCIATION, a cooperative
association,

    Plaintiff,

-vs-

CONTINENTAL WESTERN INSURANCE
COMPANY, an Iowa corporation,

    Defendant.

COMPLAINT

\* \* \* \* \* \* \* \* \* \* \* \* \*

    Comes now South Dakota Wheat Growers Association Plaintiff herein, and for its cause of action against Defendant Continental Western Insurance Company, states and alleges as follows:

I.

    That the parties and the cause of action set out hereafter are within the jurisdiction of this Court.

II.

    That Plaintiff is a large agricultural cooperative with grain handling facilities located in North and South Dakota.

III.

    That, at all times pertinent hereto, Plaintiff owned and operated a grain handling facility located at Hecla, South Dakota; that, for administrative purposes, this facility was operated as a part of Plaintiff's facility at Houghton, SD, and insured as a part of Plaintiff's Houghton facility; that, therefore, the mailing address for Plaintiff's Hecla facility was 40431 110th Street, Houghton, South Dakota.

IV.

    That the principal structures located at Hecla during 2009, and prior thereto, were two circular bins, each with a capacity of 200,000 bushels, and a rectangular "flat storage building"; that, located adjacent to one steel bin and the flat storage building was a large drying facility capable of handling 4,877 bushels of grain per hour; that said dryer was connected to the two steel bins and the flat storage building by a series of conveyors whereby grain could be

delivered to and from the other storage facilities; that the dryer above described above was the only dryer located at the Hecla facility.

V.

That 2009 was an exceedingly good crop year for corn although most corn being delivered to Plaintiff's facilities required the drying process in order to obtain the maximum market price; that, therefore, all of Plaintiff's dryers in the northeast part of South Dakota were functioning at full capacity and Plaintiff's grain storage facilities in the area were also filled to capacity.

VI.

That, at about 8:00 A.M. on December 14, 2009, through no fault or negligence on the part of Plaintiff, or its employees, the above described dryer at Hecla, South Dakota, was consumed by fire; that, as a result the dryer became totally useless, the attached conveyors collapsed causing substantial damage to the connected storage facilities and thereafter Plaintiff was utterly unable to dry any grain or to move grain from one storage facility to another.

VII.

That, by reason of the above described fire, Plaintiff suffered considerable damage as follows:  (1) extensive physical damage to Plaintiff's physical plant and (2) considerable loss of business income and miscellaneous expenses in connection therewith.  That Plaintiff has been paid for all damages to its physical plant by reason of said fire.

VIII.

That Plaintiff also suffered considerable loss of income and incurred extra expenses in connection therewith as follows:

    A.    Lost income on corn handling
           -Plaintiff was unable to purchase and sell corn to the ethanol plant and other consumers and could not shift corn inventory from one storage facility to another at Hecla.
           -Plaintiff was unable to enter delayed price program contracts with area farmers.
           Loss on corn handling    $ 689,618

    B.    Lost income from inability to dry patrons' corn
           -Drying corn is an important profit center for Plaintiff.  Because of a large wet crop of corn in Plaintiffs trade area, all corn dryers in the area were operating at full capacity at the time of loss.  Therefore Hecla corn dried at another facility owned by Plaintiff displaced the business of other potential customers.
           Loss from dryer shutdown    173,010

    C.    Equipment rentals which were required to clean up and repair the Hecla facility.    54,009

    D.    Portable conveyors – Plaintiff moved one of its conveyors to Hecla

|     |                                                                                                                                                                                                                                                                  |         |
|-----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|---------|
|     | and leased another. The cost associated with the leased conveyor was                                                                                                                                                                                             | 2,675   |
| E.  | The conveyor motor on the unit owned by Plaintiff burned out from heavy usage at Hecla. Cost of repair prorated for prior use was                                                                                                                                | 19,731  |
| F.  | Aeration tubes were brought from other of Plaintiff's locations and their use should be charged to Hecla                                                                                                                                                         | 3,728   |
| G.  | Cost of moving equipment (in Plaintiff's trucks) to Hecla after fire (does not include cost of moving corn)                                                                                                                                                      | 2,081   |
| H.  | Miscellaneous costs including repair of Logan Enterprise loader                                                                                                                                                                                                  | 732     |
| I.  | Hope Electric charges for disconnecting dryer and equipment after fire and other incidental work                                                                                                                                                                 | 2,035   |
| J.  | Fire call charges of Hecla Volunteer Firefighters                                                                                                                                                                                                                | 3,500   |
| K.  | The "Gobbler" is a self contained conveyor owned by Plaintiff and constantly used at another location. After the fire it was brought to Hecla thereby requiring its home location to rent replacement equipment. Cost of using Gobbler (based on number of bushels moved) | 4,020   |
| L.  | Cost of moving wet corn (as opposed to usual process of moving dry corn to some location) resulted in extra freight costs because of weight                                                                                                                      | 12,314  |
| M.  | Extra labor costs because Plaintiff had to bring in more than the usual number of employees to Hecla after the fire                                                                                                                                              | 47,678  |
| N.  | Cost of bringing maintenance staff to Hecla who either were Plaintiff's employees needed elsewhere or outside contracts. Hours spent by this staff were 279.5                                                                                                    | 13,975  |
| O.  | Because of additional employees at Hecla, Plaintiff had to allocate one or two extra pickups for transporting employees to and from Hecla                                                                                                                        | 2, 212  |
| P.  | Costs incurred in keeping unused propane at Hecla for period from January to March 2010                                                                                                                                                                          | 2,674   |
| Q.  | Damage discount to corn transferred from Hecla to other locations which would not have occurred except for the fire ($.18 per bushel)                                                                                                                            | 147,527 |
| R.  | Plaintiffs had to store some corn on the ground after the fire which causes some of the corn to become mixed with dirt. This corn could not be salvaged.                                                                                                         | 13,151  |

| | | |
|---|---|---:|
| S. | Plaintiff was required to recoat the interior of one bin which was damaged by reason of wet corn being stored in it | 36,108 |
| | Total Damages estimated at this time | $1,230,776 |

IX.

That Defendant is an insurance company which specializes in "agribusiness insurance"; that, prior to December 14, 2009, Plaintiff had purchased from Defendant an "all risks" agribusiness property and income insurance policy with an effective period of January 1, 2009, to January 1, 2010; that said policy was in full force on December 14, 2009, and covered Plaintiff's facilities at Hecla, South Dakota.

X.

That, at some time after December 14, 2009, Plaintiff contacted Defendant and alleged that:

- A. Plaintiff had suffered a loss of income and incurred damages by reason of a fire at the Hecla facility on December 14, 2009;
- B. The loss of income and associated damages suffered by Plaintiff totaled approximately $1,230,776;
- C. The loss of income and associated costs suffered by Plaintiff by reason of the Hecla fire on December 14, 2009, were covered by Policy No. CDP 2807498 22 issued by Defendant;
- D. Defendant is legally obligated to reimburse Plaintiff for loss of income and associated damages suffered by Plaintiff pursuant to such fire at Hecla, South Dakota, pursuant to the terms of said Policy No. CDP 2807498 22.

XI.

That Defendant, by and through its agents and employees, admitted the allegations in Subsections A, C and D of Paragraph X, above; that, thereafter, Defendant made various settlement payments to Plaintiff for partial reimbursement of the loss of income and incurred expenses described in Paragraph VIII, above, as follows:

| | |
|---|---:|
| -between July 18, 2010 and November 16, 2011 the sum of | $618,296 |
| -on November 16, 2011 the sum of | 225,000 |
| Total | $843,296 |

XII.

That, by reason of the above described fire at Hecla, South Dakota, on December 14, 2009, Plaintiff is entitled to an additional payment of $387,480.00 to cover its damages, loss of property and income pursuant to the terms and provisions of insurance policy No. CDP 2807498 22 issued by Defendant to cover such losses.

XIII.

That Plaintiff has made demand upon Defendant for the payment of $387,480.00 for such loss of property and damages and income, but Defendant has failed, neglected, and refused to pay the same.

WHEREFORE, Plaintiff prays for judgment against Defendant:

1. for the sum of $387,480.00 plus interest at the statutory rate from the date of loss;
2. for a sum equal to the costs incurred by Plaintiff in pursuing this action, including attorneys fees; and
3. any other relief deemed equitable by this Court in the premises.

Dated this **28** day of February, 2012.

CARLYLE E. RICHARDS, P.C.

By _____
Attorney for Plaintiff
404 S. Lincoln Street
P. O. Box 1456
Aberdeen, SD 57402-1456
(605) 225-1200